IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAKIA EXUM, on her behalf and on:
behalf of all others similarly
situated                           :

      v.                           :   Civil Action No. DKC 24-1425

                                   :

KEVIN IAN KANE, ESQ., et al.
                                   :

## MEMORANDUM OPINION

Presently pending and ready for resolution in this debt collection case is the motion to clarify filed by Plaintiff Jakia Exum ("Plaintiff"). (ECF No. 38). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to clarify will be granted.

## I. Background

The background of this case is set out in this court's previous memorandum opinion. (ECF No. 36). Keven Ian Kane, Esq., ("Mr. Kane"), Offit Kurman, PA ("Offit Kurman"), and BDMG Crestleigh Owner, LLC ("Crestleigh") moved to dismiss Plaintiff's complaint. (ECF Nos. 9; 19). On March 17, 2025, the court dismissed Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claims against Mr. Kane and Offit Kurman for lack of standing, and the court dismissed the remaining state law claims against Crestleigh without prejudice because the court declined to

exercise supplemental jurisdiction over the claims. (ECF Nos. 36, 37). The order stated that the claims against Mr. Kane and Offit Kurman are dismissed for lack of standing, and the remaining claims under state law against Crestleigh are dismissed without prejudice. (ECF No. 37).

On March 20, 2025, Plaintiff filed a motion pursuant to Fed.R.Civ.P. 60(a) or in the alternative, Fed.R.Civ.P. 59(e), to clarify whether the dismissal of the claims against Mr. Kane and Offit Kurman was with or without prejudice. (ECF No. 38). Plaintiff argues that because the court dismissed the claims for lack of standing, it must have been a dismissal without prejudice "because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." (ECF No. 38, at 1 (quoting *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013)).

On April 4, 2025, Mr. Kane and Offit Kurman filed a response in opposition asking the court to "further address Defendants' other three (3) arguments identified in support of their [m]otion to [d]ismiss and enter a revised [o]rder dismissal all of Plaintiff[']s[] claims against Defendants with prejudice." (ECF No. 39, at 2). On April 9, 2025, Plaintiff filed a reply in support of her motion to clarify, arguing that the Supreme Court of the United States and the United States Court of Appeals for

the Fourth Circuit are clear that a federal court cannot address the merits of a case once it has determined that it does not have jurisdiction. (ECF No. 40, at 1-2).

## II. Analysis

Plaintiff is correct. A dismissal for lack of standing is a dismissal without prejudice. *S. Walk at Broadlands Homeowner's Ass'n, Inc.*, 713 at 185. Additionally, "[t]o reach the merits of a case, an Article III court must have jurisdiction." *United States v. Under Seal*, No. 21-7273, 2023 WL 4146234, at *1 (4th Cir. June 23, 2023) (quoting *Va. House of Delegates v. Bethune-Hill*, 587 U.S. 658, 662 (2019)). The court found that Plaintiff failed to allege Article III standing for her FDCPA claims because she failed to allege causation and redressability. (ECF No. 36, at 15-16). Therefore, the court determined that it lacked jurisdiction to hear Plaintiff's FDCPA claims, and it dismissed the claims. (*Id.* at 16). Accordingly, the court cannot reach the merits of the claims, and the dismissal is a dismissal without prejudice.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion to clarify will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

3